Paul D. Powell (7488)
Tom W. Stewart (14280)
**THE POWELL LAW FIRM**
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
Phone: 702.728.5500 | Fax: 702.728.5501
paul@tplf.com | tom@tplf.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANDON KOTANIEMI, individually and as special co-administrator of the ESTATE OF MARSHA KOTANIEMI; STEVEN KOTANIEMI, individually and as special co-administrator of the ESTATE OF MARSHA KOTANIEMI,<br><br>  Plaintiffs,<br>  vs.<br><br>BRIAN C. WARD, MD, an individual in his official capacity; STEPHANIE MARTINEZ, MD, an individual in her official capacity; EMILY TIBBITS, MD; an individual; LISA ANGOTTI, MD an individual; STATE OF NEVADA ex rel THE BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ex rel THE UNIVERSITY OF NEVADA, LAS VEGAS, a political subdivision; et al,<br><br>  Defendants. | Case No. 2:25-cv-540-APG-MDC<br><br>**MOTION TO REMAND** |

Plaintiffs Brandon and Steven Kotaniemi, individually and as co-special administrators of the Estate of Marsha Koteniemi move to remand this case to state court following the dismissal of the federal defendants.

Dated June 16, 2025.

                                                     **THE POWELL LAW FIRM**

                                                   /s/ Tom W. Stewart
                                                   Paul D. Powell (7488)
                                                   Tom W. Stewart (14280)

**POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is a wrongful death medical malpractice case against a variety of doctors who botched decedent Marsha Kotaniemi's routine hernia surgery and resulting critical care. Two of those doctors—Dr. Emily Tibbits and Dr. Lisa Angotti—were purportedly federal employees when they rendered the medical care and removed the case to federal court under the FTCA.[1] Both Dr. Tibbits and Dr. Angotti have been dismissed from the lawsuit,[2] so the court no longer has subject-matter jurisdiction. The Court must therefore remand to state court.

## II. RELEVANT FACTUAL BACKGROUND

On February 4, 2025, the Kotaniemis filed a complaint in the Eighth Judicial District Court alleging professional negligence.[3] This matter was removed by Dr. Tibbits and Dr. Angotti under 28 U.S.C. § 1442(a)(1), which allows removal for federal officers or persons acting under them.[4] On May 27, 2025, the Kotaniemis filed a motion of voluntary dismissal as to both doctors pursuant to Rule 41(a)(1)(A)(i).[5] With the dismissal of Tibbits and Angotti, no federal officers or claims exist, the remaining claims arise solely out of state law and involve non-federal defendants from the same state.

---

[1] *See* ECF No. 1 at 2 (Tibbits and Angotti "are members of the Air Force who were acting within the scope of federal employment pursuant to 28 U.S. C. § 2679 at the time of the events alleged in the complaint. Federal district courts have exclusive jurisdiction for tort claims arising under the Federal Tort Claims Act from the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment or office. This action is being removed to the United States District Court pursuant to 28 U.S.C. § 1442(a)(1) [and] (3)").

[2] *See* ECF No. 20.

[3] *See* ECF No. 4 at 4–24.

[4] ECF No. 1 at 2.

[5] *See* ECF No. 20.

### III. ARGUMENT

Under 28 U.S.C. § 1447(c), a case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded." Indeed, "[i]f (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves" and the Court must remand.[6]

Here, the doctors whose federal status was the sole basis for removal are no longer parties. Thus, the FTCA no longer applies, and the Court no longer has jurisdiction. The Court must remand.

### IV. CONCLUSION

The Court must remand because the Kotaniemis' claims no longer arise under any federal question.

Dated June 16, 2025.

THE POWELL LAW FIRM

/s/ Tom W. Stewart
Paul D. Powell (7488)
Tom W. Stewart (14280)

---

[6] *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).